_____ FILED   _____ ENTERED
_____ LODGED   _____ RECEIVED

**DEC 21 2017**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

Hon. Richard A. Jones

## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 2:17-CR-108-RJ |
| Plaintiff | **PLEA AGREEMENT** |
| v. | |
| JAIED GAGE WILLIAMS | |
| Defendant. | |

The United States of America, by and through Billy J. Williams, United States Attorney for the District of Oregon, and Ravi Sinha, Assistant United States Attorney for the District Oregon (designated as a Special Assistant United States Attorney for the Western District of Washington), and Jaied Gage Williams and his attorney, Terrence Kellogg, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(B):

1.    **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters pleas of guilty to the following charges contained in the Indictment:

- 1

UNITED STATES ATTORNEY
FOR THE DISTRICT OF
OREGON
1000 SOUTHWEST THIRD AVENUE
SIXTH FLOOR
PORTLAND, OREGON 97209
(503) 727-1000

1          a.     Assault on a Federal Officer or Employee, as charged in Count 1, in

2    violation of Title 18, United States Code, Section 111(a);

3          b.     Deprivation of Government Property, as charged in Count 3, in

4    violation of Title 18, United States Code, Section 1361.

5        By entering these pleas of guilty, Defendant hereby waives all objections to the

6    form of the charging document. Defendant further understands that, before entering his

7    guilty pleas, he will be placed under oath. Any statement given by Defendant under oath

8    may be used by the United States in a prosecution for perjury or false statement.

9        2.    **Elements of the Offenses**. The elements of the offenses to which

10   Defendant is pleading guilty are as follows:

11         a.     The elements of Assault on a Federal Officer or Employee, as

12   charged in Count 1, are as follows:

13       *First*, Defendant forcibly assaulted a federal officer or employee;

14       *Second*, Defendant did so while the federal officer or employee was engaged in, or

15   on account of his official duties; *and*

16       *Third*, Defendant made physical contact with the federal officer or employee.

17         b.     The elements of Deprivation of Government Property, as charged in

18   Count 3, are as follows:

19       *First*, Defendant willfully injured or damaged, or attempted to injure or damage,

20   property;

21       *Second*, the property belonged to the United States, or any department or

22   agency of the United States; *and*

23       *Third*, the damage exceeded the sum of $1,000.00.

24       3.    **The Penalties**. Defendant understands that the statutory penalties

25   applicable to the offenses to which he is pleading guilty are as follows:

26

27

28   - 2

UNITED STATES ATTORNEY
FOR THE DISTRICT OF
OREGON
1000 SOUTHWEST THIRD AVENUE
SIXTH FLOOR
PORTLAND, OREGON 97209
(503) 727-1000

1             a.      For the offense of Assault on a Federal Officer or Employee, as

2 charged in Count 1: A maximum term of imprisonment of up to eight years, a fine of up

3 to $250,000.00, a period of supervision following release from prison of up to three

4 years, and a mandatory special assessment of $100.00. If a probationary sentence is

5 imposed, the probation period can be for up to five years. Defendant agrees that the

6 special assessment shall be paid at or before the time of sentencing.

7             b.      For the offense of Deprivation of Government Property, as charged

8 in Count 3: A maximum term of imprisonment of up to ten years, a fine of up to

9 $250,000.00, a period of supervision following release from prison of up to three years,

10 and a mandatory special assessment of $100.00. If a probationary sentence is imposed,

11 the probation period can be for up to five years. Defendant agrees that the special

12 assessment shall be paid at or before the time of sentencing.

13         Defendant understands that supervised release is a period of time following

14 imprisonment during which he will be subject to certain restrictive conditions and

15 requirements. Defendant further understands that if supervised release is imposed and he

16 violates one or more of the conditions or requirements, Defendant could be returned to

17 prison for all or part of the term of supervised release that was originally imposed. This

18 could result in Defendant's serving a total term of imprisonment greater than the statutory

19 maximum stated above.

20         Defendant understands that as a part of any sentence, in addition to any term of

21 imprisonment and/or fine that is imposed, the Court may order Defendant to pay

22 restitution to any victim of the offense, as required by law.

23         Defendant agrees that any monetary penalty the Court imposes, including the

24 special assessment, fine, costs, or restitution, is due and payable immediately and further

25 agrees to submit a completed Financial Statement of Debtor form as requested by the

26 United States Attorney's Office for the District of Oregon.

27

     - 3

28

UNITED STATES ATTORNEY
FOR THE DISTRICT OF
OREGON
1000 SOUTHWEST THIRD AVENUE
SIXTH FLOOR
PORTLAND, OREGON 97209
(503) 727-1000

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

   a.    The right to plead not guilty and to persist in a plea of not guilty;

   b.    The right to a speedy and public trial before a jury of his peers;

   c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

   d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e.    The right to confront and cross-examine witnesses against Defendant at trial;

   f.    The right to compel or subpoena witnesses to appear on his behalf at trial;

   g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h.    The right to appeal a finding of guilt or any pretrial rulings.

5. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

6. **Restitution.** Defendant agrees that, pursuant to 18 U.S.C. §3663A and U.S.S.G. 5E1.1 (a) and (b), he shall be ordered to pay mandatory restitution, directing Defendant to pay the victim "the full amount of the victim's losses," to include but not limited to, pursuant to § 3663 (b)(2)(A), medical services relating to physical, psychiatric, or psychological care, or any other losses suffered by the victims as a proximate result of the offenses.

7. **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of Counts 1 and 3 of the Indictment:

- 4

UNITED STATES ATTORNEY
FOR THE DISTRICT OF
OREGON
1000 SOUTHWEST THIRD AVENUE
SIXTH FLOOR
PORTLAND, OREGON 97209
(503) 727-1000

1    On March 17, 2017, in the Western District of Washington, Defendant, Jaied Gage

2  Williams, entered the lobby of the United States Attorney's Office for the Western

3  District of Washington located at 700 Stewart Street in Seattle, Washington ("USAO").

4  Shortly after entering, Defendant told a female USAO employee—who was seated at the

5  reception desk, behind a short wall and a thick pane of safety glass—that he wanted to

6  speak to an attorney.  While Defendant was conversing with the female USAO employee,

7  two other USAO employees (one female and one male) exited the secure area of the

8  USAO office and entered the lobby. When the two USAO employees entered the lobby,

9  Defendant turned to face the male USAO employee, began shouting, and moved

10  aggressively toward the male USAO employee.  Defendant then forcibly assaulted the

11  male USAO employee—who was, at all relevant times, a federal employee engaged in

12  his official duties—by physically striking him in the head or neck area with a closed fist.

13    After being struck by Defendant, the male USAO employee was able to exit the

14  lobby.  Defendant then turned his attention back to the reception desk and a thick pane of

15  safety glass.  Having grown agitated, Defendant picked up a stone award that he found in

16  the USAO lobby and threw it at the safety glass, causing a large, spiderweb-like crack in

17  the glass.  By doing so, Defendant willfully caused over $1000.00 worth of damage to the

18  safety glass—which, at all relevant times, was the property of the United States

19  Government.

20    8.    **United States Sentencing Guidelines**.  Defendant understands and

21  acknowledges that the Court must consider the sentencing range calculated under the

22  United States Sentencing Guidelines and possible departures under the Sentencing

23  Guidelines together with the other factors set forth in Title 18, United States Code,

24  Section 3553(a), including:  (1) the nature and circumstances of the offenses; (2) the

25  history and characteristics of the defendant; (3) the need for the sentence to reflect the

26  seriousness of the offenses, to promote respect for the law, and to provide just

27

28

- 5

UNITED STATES ATTORNEY
FOR THE DISTRICT OF
OREGON
1000 SOUTHWEST THIRD AVENUE
SIXTH FLOOR
PORTLAND, OREGON 97209
(503) 727-1000

1  punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to

2  criminal conduct; (5) the need for the sentence to protect the public from further crimes

3  of the defendant; (6) the need to provide the defendant with educational and vocational

4  training, medical care, or other correctional treatment in the most effective manner; (7)

5  the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the

6  need to avoid unwarranted sentence disparity among defendants involved in similar

7  conduct who have similar records.  Accordingly, Defendant understands and

8  acknowledges that:

9          a.     The Court will determine applicable Defendant's Sentencing

10  Guidelines range at the time of sentencing;

11          b.     After consideration of the Sentencing Guidelines and the factors in

12  18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

13  maximum term authorized by law;

14          c.     The Court is not bound by any recommendation regarding the

15  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

16  range offered by the parties or the United States Probation Department, or by any

17  stipulations or agreements between the parties in this Plea Agreement; and

18          d.     Defendant may not withdraw his guilty pleas solely because of the

19  sentence imposed by the Court.

20      9.    **Acceptance of Responsibility.**  At sentencing, *if* the district court

21  concludes Defendant qualifies for a downward adjustment acceptance for acceptance of

22  responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or

23  greater, the United States will make the motion necessary to permit the district court to

24  decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b),

25  because Defendant has assisted the United States by timely notifying the United States of

26

27

28     - 6

UNITED STATES ATTORNEY
FOR THE DISTRICT OF
OREGON
1000 SOUTHWEST THIRD AVENUE
SIXTH FLOOR
PORTLAND, OREGON 97209
(503) 727-1000

1 his intention to plead guilty, thereby permitting the United States to avoid preparing for

2 trial and permitting the Court to allocate its resources efficiently.

3       10.    **Sentencing Factors**.  The parties agree that the following Sentencing

4 Guidelines provisions apply to this case:

5     a.    *Count 1:*

6 Base offense level [U.S.S.G. § 2A2.4 (a)]...................................................................... 10

7 Physical contact [U.S.S.G. § 2A2.4 (b)(1)] .....................................................................+3

8     b.    *Count 3:*

9 Base offense level [U.S.S.G. § 2B1.1(a)]............................................................................ 6

10 Loss value [U.S.S.G. § 2B1.1(b)(1)(B)]............................................................................+2

11       Notably, the parties have not reached an agreement regarding (1) Defendant's

12 criminal history score or (2) the applicability of the two-level enhancement contained in

13 U.S.S.G. § 2A2.4 (b)(2) to Count 1.

14       The parties agree they are free to present arguments regarding the applicability of

15 all other provisions of the United States Sentencing Guidelines.  Defendant understands,

16 however, that at the time of sentencing, the Court is free to reject these stipulated

17 adjustments, and is further free to apply additional downward or upward adjustments in

18 determining Defendant's Sentencing Guidelines range.

19       11.    **United States' Sentencing Recommendation.**  If Defendant pleads guilty

20 to Counts 1 and 3 of the Indictment pursuant to this Plea Agreement, the United States

21 Attorney's Office for the District of Oregon agrees to seek a sentence within Defendant's

22 Sentencing Guidelines range.

23       12.    **Non-Prosecution of Additional Offenses.**  As part of this Plea Agreement,

24 the United States Attorney's Office for the District of Oregon agrees not to prosecute

25 Defendant for any additional offenses known to it as of the time of this Plea Agreement

26 that are based upon evidence in its possession at this time, and that arise out of the

27

28    -7

UNITED STATES ATTORNEY
FOR THE DISTRICT OF
OREGON
1000 SOUTHWEST THIRD AVENUE
SIXTH FLOOR
PORTLAND, OREGON 97209
(503) 727-1000

1   conduct giving rise to this investigation.  In this regard, Defendant recognizes the United

2   States has agreed not to prosecute all of the criminal charges the evidence establishes

3   were committed by Defendant solely because of the promises made by Defendant in this

4   Plea Agreement.  Defendant agrees, however, that for purposes of preparing the

5   Presentence Report, the United States Attorney's Office will provide the United States

6   Probation Office with evidence of all conduct committed by Defendant.

7          Defendant agrees that any charges to be dismissed before or at the time of

8   sentencing were substantially justified in light of the evidence available to the United

9   States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

10  with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119

11  (1997).

12         13.    **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that if

13  Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

14  Agreement and Defendant may be prosecuted for all offenses for which the United States

15  has evidence.  Defendant agrees not to oppose any steps taken by the United States to

16  nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

17  Agreement.  Defendant also agrees that if Defendant is in breach of this Plea Agreement,

18  Defendant has waived any objection to the re-institution of any charges in the Indictment

19  that were previously dismissed or any additional charges that had not been prosecuted.

20         Defendant further understands that if, after the date of this Plea Agreement,

21  Defendant should engage in illegal conduct, or conduct that violates any conditions of

22  release or the conditions of his confinement, (examples of which include, but are not

23  limited to, obstruction of justice, failure to appear for a court proceeding, criminal

24  conduct while pending sentencing, and false statements to law enforcement agents, the

25  Pretrial Services Officer, Probation Officer, or Court), the United States is free under this

26  Plea Agreement to file additional charges against Defendant or to seek a sentence that

27

28       - 8

UNITED STATES ATTORNEY
FOR THE DISTRICT OF
OREGON
1000 SOUTHWEST THIRD AVENUE
SIXTH FLOOR
PORTLAND, OREGON 97209
(503) 727-1000

1  takes such conduct into consideration by requesting the Court to apply additional

2  adjustments or enhancements in its Sentencing Guidelines calculations in order to

3  increase the applicable advisory Guidelines range, and/or by seeking an upward departure

4  or variance from the calculated advisory Guidelines range.  Under these circumstances,

5  the United States is free to seek such adjustments, enhancements, departures, and/or

6  variances even if otherwise precluded by the terms of the Plea Agreement.

7      14.    **Waiver of Appellate Rights and Rights to Collateral Attacks.**

8  Defendant acknowledges that by entering the guilty pleas required by this Plea

9  Agreement, Defendant waives all rights to appeal from his conviction and any pretrial

10  rulings of the court.  Defendant further agrees that, provided the court imposes a custodial

11  sentence that is within or below the Sentencing Guidelines range (or the statutory

12  mandatory minimum, if greater than the Guidelines range) as determined by the court at

13  the time of sentencing, Defendant waives to the full extent of the law:

14      a.    Any right conferred by Title 18, United States Code, Section 3742,

15  to challenge, on direct appeal, the sentence imposed by the court, including any fine,

16  restitution order, probation or supervised release conditions, or forfeiture order (if

17  applicable); and

18      b.    Any right to bring a collateral attack against the conviction and

19  sentence, including any restitution order imposed, except as it may relate to the

20  effectiveness of legal representation; and

21      This waiver does not preclude Defendant from bringing an appropriate motion

22  pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the

23  decisions of the Bureau of Prisons regarding the execution of his sentence.

24      If Defendant breaches this Plea Agreement at any time by appealing or collaterally

25  attacking (except as to effectiveness of legal representation) the conviction or sentence in

26  any way, the United States may prosecute Defendant for any counts, including those with

27

28  - 9

UNITED STATES ATTORNEY
FOR THE DISTRICT OF
OREGON
1000 SOUTHWEST THIRD AVENUE
SIXTH FLOOR
PORTLAND, OREGON 97209
(503) 727-1000

1  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

2  Agreement.

3       15.     **Voluntariness of Plea.**  Defendant agrees that he has entered into this Plea

4  Agreement freely and voluntarily and that no threats or promises, other than the promises

5  contained in this Plea Agreement, were made to induce Defendant to enter his pleas of

6  guilty.

7       16.     **Statute of Limitations.**  In the event this Plea Agreement is not accepted

8  by the Court for any reason, or Defendant has breached any of the terms of this Plea

9  Agreement, the statute of limitations shall be deemed to have been tolled from the date of

10 the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the

11 Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

12 of the Plea Agreement by Defendant is discovered by the United States Attorney's

13 Office.

14 //

15 //

16 //

17 //

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27

28

\- 10

UNITED STATES ATTORNEY
FOR THE DISTRICT OF
OREGON
1000 SOUTHWEST THIRD AVENUE
SIXTH FLOOR
PORTLAND, OREGON 97209
(503) 727-1000

17.    **Completeness of Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Plea Agreement binds only the United States Attorney's Office for the District of Oregon.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 21st day of December 2017.

Jaied Gage Williams
Defendant

Terrence Kellogg
Attorney for Defendant

Ravi Sinha
Special Assistant United States Attorney

- 11

UNITED STATES ATTORNEY
FOR THE DISTRICT OF
OREGON
1000 SOUTHWEST THIRD AVENUE
SIXTH FLOOR
PORTLAND, OREGON 97209
(503) 727-1000